1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    BRIAN HEINZ,                                No. 2:22-cv-02058-TLN-CKD

12                    Plaintiff,

13         v.                                      **ORDER**

14    MAZDA MOTOR OF AMERICA, INC.,

15                    Defendant.

16

17         This matter is before the Court on Defendant Mazda Motors of America, Inc.'s

18    ("Defendant") Motion to Stay or Dismiss, or, in the alternative, Transfer Venue.  (ECF No. 9.)

19    Plaintiff filed an opposition.  (ECF No. 11.)  Defendant filed a reply.  (ECF No. 12.)  For the

20    reasons set forth below, the Court hereby GRANTS in part Defendant's motion.

21         Plaintiff filed the instant class action against Defendant for acts and omissions related to

22    an alleged defect in Defendant's class of vehicles.  (ECF No. 1 at 1–3.)  It is undisputed that a

23    substantially similar class action matter, *Gary Guthrie, et al. v. Mazda Motor of America, Inc.*,

24    Case No. 22-cv-1055-DOC ("*Guthrie*"), is currently pending in the Central District of California.

25    (ECF No. 9-1 at 1; ECF No. 11 at 1–5.)  Given *Guthrie*, Defendant moves to stay, dismiss, or

26    transfer the instant matter pursuant to the first-to-file rule.  (ECF No. 9-1 at 10.)  Specifically,

27    Defendant argues because the plaintiffs in *Guthrie* allege substantially similar claims against

28    Defendant and seek to "in essence, [represent] the same proposed class," the instant case is

                                         1

1   "subsumed by the proposed class in *Guthrie*." (*Id.*) For this reason, Defendant argues the case

2   should be stayed or dismissed, or in the alternative transferred to the Central District of

3   California. (*Id.*) Plaintiff agrees the first-to-file rule governs resolution of this matter and does

4   not oppose transfer to the Central District of California. (ECF No. 11 at 5.) Plaintiff only

5   opposes dismissal or a stay of the action, arguing neither is warranted pursuant to the first-to-file

6   rule. (*Id.*) The Court agrees with Plaintiff.

7        The first-to-file rule is triggered when two or more related actions are pending in different

8   courts. *Tappin v. TForce Freight, Inc.*, No. 2:22-cv-00322-KJM-DB, 2022 WL 3567126, at *2

9   (E.D. Cal. Aug. 18, 2022). The first-to-file rule allows a district court to dismiss a complaint or

10  claim that is duplicative, transfer all or part of the case to the first-filed district, or stay all or part

11  of the case pending a decision in the prior-related action. *Kohn Law Grp., Inc. v. Auto Parts Mfg.*

12  *Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015); *Cedars-Sinai Med. Ctr. V. Shalala*, 125 F.3d

13  765, 769 (9th Cir. 1997) (citations omitted). The rule "serve[s] the purpose of promoting

14  efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946

15  F.2d 622, 625 (9th Cir. 1991). Though the rule is not applied mechanically, courts typically

16  analyze three factors: chronology of the lawsuits; similarity of the parties; and similarity of the

17  issues. *Kohn*, 787 at 1240. The Court has discretion in applying the rule to best promote

18  "judicial economy, consistency, and comity," *id.*, or depart from it "for reasons of equity,"

19  *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect

20  of the first-to-file rule is that it is discretionary.").

21        Despite the parties' agreement that transfer to the Central District of California is

22  appropriate, Defendant advances an argument for dismissal or stay of the action. (ECF No. 9-1 at

23  7–11.) Defendant is correct that this Court, at its discretion, may dismiss, stay, or transfer the

24  instant matter pursuant to the first-to-file rule. *See Alltrade, Inc.*, 946 F.2d at 625. However,

25  Defendant fails to persuade the Court a stay or dismissal, rather than a transfer, would best

26  promote "judicial economy, consistency, and comity" or would be in the equitable interest of the

27  parties. *See id.*

28  ///

2

1     Defendant's argument in favor of a stay or dismissal is premised on three main points: (1)

2   *Guthrie* was filed first; (2) the Defendant in the instant matter and in *Guthrie* are the same; and

3   (3) Plaintiff's claims are subsumed and covered by *Guthrie*.  (ECF No. 9-1 at 4–8.)  Plaintiff

4   disagrees and argues dismissal is not warranted for three reasons: "(1) while *Guthrie* was filed

5   before *Heinz*, a review of the *Guthrie* Docket demonstrates that the case remains at the pleading

6   stage, with Mazda not yet filing an Answer; (2) Mazda has attacked the sufficiency of the *Guthrie*

7   First Amended Complaint and Second Amended Complaint, and in so doing, seeks the dismissal

8   of the *Guthrie* action in its entirety; and (3) a dismissal of *Heinz* would result in the *Heinz*

9   plaintiff and putative class members' claims [] potentially being barred due to the statute of

10  limitations if the *Guthrie* Court grants Mazda's Motion to Dismiss and dismisses *Guthrie* in its

11  entirety."  (ECF No 11 at 5.)  Plaintiff's argument is persuasive.

12     Defendant is correct: *Guthrie* was filed first; the Defendant in *Guthrie* and the instant case

13  are the same; and Plaintiff raises claims substantially similar to those in *Guthrie*.  Defendant,

14  however, fails to provide justification as to why these facts, based on the current status of *Guthrie*

15  and the parties' agreement that proper venue is in the Central District of California counsels in

16  favor of a stay or dismissal, rather than transfer.  As of the date of this Order there remains a

17  pending motion to dismiss in *Guthrie* that could have significant effects on the instant matter.  *See*

18  *Guthrie* at ECF No. 46.  Indeed, Plaintiff provides several examples of how they could be

19  prejudiced should *Guthrie* be dismissed.  (*See* ECF No. 11 at 5–6.)  Further, dismissal in *Guthrie*

20  would no doubt lead to further, perhaps even duplicative litigation in the instant case regarding

21  the effect of a *Guthrie* dismissal on this case's future.  For this reason, the Court finds a dismissal

22  of this action could prejudice Plaintiff, would not be in the interest of judicial economy, and

23  would run counter to the dictates of the first-to-file rule.

24     Similarly, a stay would run afoul of the underlying purpose of the first-to-file rule —

25  which is rooted in efficiency and comity.  A stay of this action would hold the case in the Eastern

26  District of California despite both parties agreeing that venue is proper in the Central District of

27  California.  Defendant stated it well, "[t]ransfer of this case to the Central District of California

28  preserves judicial resources, promotes judicial economy, and avoids duplicative litigation."  (ECF

No 9-1 at 14.)  Plaintiff agrees stating, "the Court should transfer this action to the Central District of California."  (ECF No. 11 at 7.)  Accepting both Defendant's and Plaintiff's arguments that venue is proper in the Central District of California, it would be improper to stay proceedings in this case, in a district neither party believes is the proper venue.  Accordingly, a stay in not warranted.

Based on the foregoing, the Court finds transfer of this case to the Central District of California is most appropriate. The parties agree the first-to-file rule applies to the instant case and the Court finds a stay and dismissal improper.  As such, this case should be transferred to the district of proper venue — the Central District of California.

For the foregoing reasons, the Court hereby GRANTS in part Defendant's Motion to Stay or Dismiss, or, in the alternative, Transfer Venue and transfers this case to the Central District of California.  (ECF No. 9.)  This Order resolves ECF Nos. 9 and 10 and closes the case.

IT IS SO ORDERED.

Dated:  June 29, 2023

Troy L. Nunley
United States District Judge

4